MARK R. CONRAD (CA Bar No. 255667)
WILLIAM J. COOPER (CA Bar No. 304254)
**CONRAD | METLITZKY | KANE LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conmetkane.com
Email: wcooper@conmetkane.com

DANIEL P. WATKINS* (VA Bar No. 84592)
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
Tel:   (202) 628-7407
Email: daniel@clarelocke.com
**Pro Hac Vice* Application Forthcoming

Attorneys for Applicant FREDRIC N. ESHELMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>FREDRIC N. ESHELMAN,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | CASE NO. 5:23-MC-80015<br><br>**DR. ESHELMAN'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |


**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i
TABLE OF AUTHORITIES .......................................................................................................... ii
INTRODUCTION .......................................................................................................................... 1
STATEMENT OF JURISDICTION ............................................................................................... 1
    A.     JURISDICTION. ........................................................................................................ 1
    B.     DIVISIONAL ASSIGNMENT. .................................................................................. 2
FACTUAL BACKGROUND ......................................................................................................... 2
    A.     DR. ESHELMAN'S STRONG REPUTATION AS A LEADER IN THE BIOTECH AND PHARMACEUTICAL INDUSTRIES EXPOSES HIM TO HARASSMENT AND DEFAMATORY REMARKS. .......................................................... 2
    B.     DR. ESHELMAN SENDS DOE A CEASE-AND-DESIST LETTER. .......................... 3
    C.     THIS APPLICATION SEEKS EVIDENCE NECESSARY FOR DR. ESHELMAN TO PROCEED WITH LEGAL ACTION IN GERMANY AND INDIA AGAINST DOE. .................................................................................................. 3
ARGUMENT .................................................................................................................................. 4
I.     28 U.S.C. § 1782 BROADLY ALLOWS DISCOVERY IN AID OF FOREIGN PROCEEDINGS. ................................................................................................................. 4
II.     DR. ESHELMAN'S APPLICATION EASILY SATISFIES SECTION 1782'S STATUTORY REQUIREMENTS. ........................................................................................ 5
III.     THE DISCRETIONARY *INTEL* FACTORS DEMONSTRATE THAT THE COURT SHOULD GRANT DR. ESHELMAN'S APPLICATION. ............................................................. 6
    A.     THE FIRST *INTEL* FACTOR IS SATISFIED: GOOGLE IS NOT A PARTY TO THE FOREIGN PROCEEDING, THUS THE FOREIGN PROCEEDING CANNOT COMPEL GOOGLE TO PROVIDE DISCOVERY. ............................................. 6
    B.     THE SECOND *INTEL* FACTOR IS SATISFIED: THE COURTS IN GERMANY AND INDIA WILL ACCEPT, NOT REJECT, ASSISTANCE FROM DISCOVERY UNDER SECTION 1782. .......................................................................... 6
    C.     THE THIRD *INTEL* FACTOR IS SATISFIED: DR. ESHELMAN'S REQUEST DOES NOT ATTEMPT TO CIRCUMVENT FOREIGN PROOF-GATHERING RESTRICTIONS. ................................................................................. 7
    D.     THE FOURTH *INTEL* FACTOR IS SATISFIED: DR. ESHELMAN'S REQUEST IS NOT UNDULY BURDENSOME. .......................................................................... 7
CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
   793 F.3d 1108 (9th Cir. 2015) ................................................................................................5

*Barnes-Hind, Inc. v. Superior Ct.*,
   181 Cal. App. 3d 377, 385 (Ct. App. 1986) ............................................................................9

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
   No. C08-05124 HRL, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ..........................................7

*Franklin v. Madden*,
   586 F. App'x 431 (9th Cir. 2014) ............................................................................................8

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
   633 F.3d 591 (7th Cir. 2011) ...................................................................................................6

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
   No. 19-mc-80277, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020) .....................................4, 5, 8

*In re Apple Retail UK Ltd.*,
   No. 20-mc-80109, 2020 WL 3833392 (N.D. Cal. July 8, 2020) ......................................1, 6, 9

*In re Application for Appointment of a Comm'r re Req. for Judicial Assistance
   for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*,
   No. 11-cv-80136, 2011 WL 2747302 (N.D. Cal. July 13, 2011) ............................................6

*In re Application of Joint Stock Co. Raiffeinsenbank*,
   No. 16-mc-80203, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016) ............................................8

*In re Application of Rainsy*,
   No. 16-mc-80258, 2017 WL 528476 (N.D. Cal. Feb. 9, 2017) ..............................................5

*In re Ex Parte Motorola Mobility, LLC*,
   No. 12-cv-80243, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ........................................6, 7

*In re Hattori*,
   No. 21-MC-80236-TSH, 2021 WL 4804375 (N.D. Cal. Oct. 14, 2021) ..............................8, 9

*In re Med. Corp. Seishinkai*,
   No. 12-MC-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021) ............................5, 8

*In re Letters Rogatory From Tokyo Dist. Prosecutor's Office*,
   16 F.3d 1016 (9th Cir. 1994) ...................................................................................................8

*In re Letters Rogatory from Tokyo Dist.*,
   539 F.2d 1216 (9th Cir. 1976) .................................................................................................1

*In re Republic of Ecuador*,
   No. 10-mc-80225, 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) .....................................1, 4

*In re Varian Med. Sys. Int'l AG*,
   No. 16-mc-80048, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ......................................6, 7

*In re Yasuda*,
  No. 19-mc-80156, 2020 WL 759404 (N.D. Cal. Feb. 14, 2020) ........................................... 5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ............................................................................................. 4, 5, 6, 7, 8

*IPCom GMBH & Co. KG v. Apple Inc.*,
  61 F. Supp. 3d 919 (N.D. Cal. 2014) .................................................................................. 1

*London v. Does*,
  279 F. App'x 513 (9th Cir. 2008) ........................................................................................ 6

*Palantir Techs., Inc. v. Abramowitz*,
  415 F. Supp. 3d 907 (N.D. Cal. 2019) ................................................................................ 7

*Siemens AG v. W. Digit. Corp.*,
  No. 13-cv-1407, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) .......................................... 6

**Statute**

28 U.S.C. § 1782 ..................................................................................................... 1, 4, 5, 6, 7, 8

## INTRODUCTION

As a last resort, Dr. Fredric N. Eshelman respectfully files this *ex parte*[1] application ("Application") for judicial assistance pursuant to 28 U.S.C. § 1782. The underlying facts are straightforward. An unknown person used a pseudonymous email address (terrynewsomee@gmail.com) to falsely accuse Dr. Eshelman of "abus[ing] police resources" after four interlopers trespassed on his Wyoming ranch. The email was published to various of Dr. Eshelman's contacts, including companies and their representatives based in Germany and India. Dr. Eshelman has repeatedly attempted to determine the identity of the publisher, to no avail. Through this Application, Dr. Eshelman seeks discovery from Google to obtain identifying information (specifically, IP addresses, cellular phone numbers, and names) associated with the pseudonymous email account to support contemplated defamation litigation in Germany and India (the "Foreign Litigation").

As demonstrated in detail below, Dr. Eshelman meets each of the statutory and discretionary factors routinely considered by this Court in determining whether to grant relief under Section 1782. Indeed, the tribunal handling Dr. Eshelman's defamation claims will be receptive to any extraterritorial discovery obtained by Dr. Eshelman—precisely the circumstance Section 1782 was designed to assist. Accordingly, the Application should be granted.

## STATEMENT OF JURISDICTION

Pursuant to Civil L.R. 3-5, Dr. Eshelman submits the following statement of jurisdiction:

**A.    Jurisdiction.**

The District Court has jurisdiction over this petition under 28 U.S.C. § 1782. Dr. Eshelman intends to litigate defamation claims against Doe based on Doe's false and defamatory allegation that Dr. Eshelman violated the law by "abus[ing] police resources." Doe published these statements in Germany and India to two companies: Carbon3D and 6 Degrees PR. Dr. Eshelman requires discovery to

---

[1] This Court routinely entertains *ex parte* applications pursuant to Section 1782. "Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Apple Retail UK Ltd.*, No. 20-mc-80109, 2020 WL 3833392, at *2 (N.D. Cal. July 8, 2020) (quoting *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014)); *see also In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010); *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).

third-party Google to obtain information identifying Doe to support the Foreign Litigation. Google resides in the Northern District of California.

**B.     Divisional Assignment.**

Pursuant to Civil L.R. 3-2(c), assignment to the San Jose Division is appropriate because Google is headquartered in Santa Clara County.

# FACTUAL BACKGROUND

**A.     Dr. Eshelman's Strong Reputation as a Leader in the Biotech and Pharmaceutical Industries Exposes Him to Harassment and Defamatory Remarks.**

Dr. Eshelman has worked hard over decades to earn his reputation as a leader in the pharmaceutical industry. Dr. Eshelman earned his Doctor of Pharmacy from the University of Cincinnati and earned a Bachelor of Science from the University of North Carolina. Eshelman Decl. ¶ 2. He is also a graduate of the Owner/President Management program at Harvard Business School. *Id.* at ¶ 2. Dr. Eshelman went on to found, and was formerly the CEO of, Pharmaceutical Product Development, a research organization providing drug discovery, development, and lifecycle management services. *Id.* at ¶ 3. Dr. Eshelman also founded Eshelman Ventures, LLC, an investment company primarily invested in healthcare companies. *Id.* at ¶ 4. Dr. Eshelman has served on the Board of Directors for many pharmaceutical companies and is a major philanthropist, having given over $140 million to charitable causes. *Id.* at ¶ 5.

On December 4, 2022, Doe used the pseudonymous email address terrynewsomee@gmail.com to send a defamatory email about Dr. Eshelman to several of his closest business associates and professional contacts at leading pharmaceutical and technology companies. *Id.* at ¶ 6. Doe wrote "I am seeking to inform each of your companies that you should willingly cease partnerships and activities with Eshelman Ventures," going on to explain that "Fred Eshelman is a piece of shit." *Id.* at Ex. 1. Doe then made the following defamatory and untrue remark: "he abused police resources by repeatedly sending game wardens and officers after hunters that were 'corner crossing' into public land." *Id.* at Ex. 1. This is blatantly false—Dr. Eshelman has never "abused police resources" for any purpose. *Id.* at ¶ 8. To the contrary, Dr. Eshelman only contacted authorities after learning that three individuals had trespassed onto his private Wyoming property, Elk Mountain Ranch, information that Doe had access to as it is public record. *Id.*

Doe did not stop there. They then emailed Eshelman Ventures via its contact form and left a voicemail (using a phone number, that, when searched, appears to belong to a deceased individual). *Id.* at ¶ 9; Watkins Decl. ¶ 6. Doe's "message" for Dr. Eshelman was: "you're a piece of shit and there is no place in heaven for people like you. Fuck you and your family." Eshelman Decl. Ex. 2.

### B. Dr. Eshelman Sends Doe a Cease-and-Desist Letter.

On December 7, 2022, Dr. Eshelman, through counsel, sent a cease-and-desist letter to Doe at the pseudonymous email address. Watkins Decl. ¶ 5. The letter informed Doe that their statements were defamatory *per se* and blatantly false and that Doe had irreparably harmed Dr. Eshelman by publishing them. *Id.* at Ex. 2. The letter also informed Doe that they had exposed themself to significant legal risk by making their false allegations and demanded that Doe cease and desist making any further such statements. *Id.* The letter closed with the warning that Dr. Eshelman intended to pursue defamation claims against Doe after unmasking Doe's identity. *Id.*

### C. This Application Seeks Evidence Necessary for Dr. Eshelman to Proceed with Legal Action in Germany and India Against Doe.

Dr. Eshelman intends to litigate defamation claims against Doe based on Doe's false and defamatory allegation that Dr. Eshelman violated the law by "abus[ing] police resources." Doe published these statements in Germany and India to a digital technology company called Carbon3D and a company called 6 Degrees PR. Eshelman Decl. ¶ 6. In addition, Dr. Eshelman has exhausted the means available to him to ascertain Doe's true identity. Counsel conducted a search of the cell phone number that Doe used to send the above-mentioned harassing voicemail to Dr. Eshelman, but the number came back as belonging to a deceased individual. Watkins Decl. ¶ 6. Furthermore, "Terry Newsome" does not come back as a search result for the geographic area associated with that number. A search for a person by the name Terry Newsome is unhelpful, considering the commonality of the name, the likelihood of it being a pseudonym to mask the emailer's true identity, and the lack of other identifying characteristics that might help Dr. Eshelman ascertain the correct individual. Thus, Dr. Eshelman must obtain identifying information to commence the Foreign Litigation. Because Google is the only entity that holds this information, third-party discovery to Google is necessary. As explained below, the Court should grant Dr. Eshelman's Application.

# ARGUMENT

**I.    28 U.S.C. § 1782 Broadly Allows Discovery in Aid of Foreign Proceedings.**

28 U.S.C. § 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). And over time, Congress has consistently and "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-48.

As relevant here, Section 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced[.]

28 U.S.C. § 1782(a). Thus, Section 1782 authorizes federal courts to grant an application for discovery if three statutory requirements are satisfied: (1) the person from whom discovery is sought resides or is found in the district of the district court where the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by an interested person. *Id.*; *In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010). "Once those three statutory requirements are met, a district court has wide discretion to grant discovery under [Section] 1782." *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-mc-80277, 2020 WL 906719, at *3 (N.D. Cal. Feb. 25, 2020).

In exercising its discretion to grant discovery, district courts consider the four *Intel* factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly burdensome. *Intel*, 542 U.S. at 264-65.

As explained below, because Dr. Eshelman's Application easily satisfies all three statutory Section 1782 requirements, and all four discretionary factors, the Court should grant Dr. Eshelman's Application for limited discovery.

## II. Dr. Eshelman's Application Easily Satisfies Section 1782's Statutory Requirements.

Dr. Eshelman's Application for a narrow subpoena to Google easily satisfies Section 1782's three statutory requirements.

***First***, Google resides or is found in this district because it is headquartered and has its principal offices in Mountain View, California, which is in this district.  Under settled law, "[a] business entity is 'found' in the judicial district where it has its principal place of business." *E.g.*, *HRC-Hainan Holding*, 2020 WL 906719, at *3; *In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021) (authorizing discovery from Google under Section 1782 and recognizing that Google is located in the Northern District of California); *In re Application of Rainsy*, No. 16-mc-80258, 2017 WL 528476, at *2 (N.D. Cal. Feb. 9, 2017).

***Second***, Dr. Eshelman's Application seeks discovery for use in a proceeding before a foreign tribunal, namely, courts in Germany and India.  As the Supreme Court has explained, the requisite foreign proceeding "need not be 'pending' or 'imminent,'" rather, "the 'proceeding' for which discovery is sought under § 1782(a)" need only be "in reasonable contemplation." *Intel*, 542 U.S. at 247; *accord In re Yasuda*, No. 19-mc-80156, 2020 WL 759404, at *4 (N.D. Cal. Feb. 14, 2020).  Indeed, discovery under § 1782(a) has been held to be proper even when an applicant's complaint is only in the investigative stage. *Id.*  Here, as described above, Dr. Eshelman has retained defamation counsel to vindicate his rights and file suit against the individual behind the defamatory messages after obtaining discovery from Google revealing the identity of Doe.  Eshelman Decl. ¶ 10.  As such, Dr. Eshelman's defamation action is "in reasonable contemplation" and this requirement is satisfied.

***Third***, Dr. Eshelman, as the plaintiff in the foreign action, qualifies as an "interested party" entitled to seek discovery under Section 1782.  As the Supreme Court has explained, "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256; *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) ("An 'interested person' seeking to invoke the discovery mechanism set forth under § 1782 may include 'not only litigants before foreign or international tribunals, but also ... any other person [who] ... merely possess[es] a reasonable interest in obtaining [judicial] assistance.'" (quoting *Intel*, 542 U.S. at 256-57)).

5
CASE NO. 5:23-mc-80015         MPA ISO *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782

### III. The Discretionary *Intel* Factors Demonstrate That the Court Should Grant Dr. Eshelman's Application.

#### A. The First *Intel* Factor Is Satisfied: Google Is Not a Party to the Foreign Proceeding, Thus the Foreign Proceeding Cannot Compel Google to Provide Discovery.

The first *Intel* factor favors discovery in this case because Google is not involved in the foreign proceeding. As the Supreme Court has explained, "nonparticipants in [a] foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264; *see also, e.g.*, *London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (granting application; explaining that "[a]bsent this [Section 1782] discovery, the evidence sought may be unattainable in the [foreign] court while it is within the district court's jurisdiction and accessible in the United States"); *In re Ex Parte Motorola Mobility, LLC*, No. 12-cv-80243, 2012 WL 4936609, at *2 (N.D. Cal. Oct. 17, 2012) (same); *In re Application for Appointment of a Comm'r re Request for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*, No. 11-cv-80136, 2011 WL 2747302, at *5 (N.D. Cal. July 13, 2011).

Here, Google is not a party to the Foreign Litigation, and it will not participate in those proceedings. As such, the foreign courts are unable to compel Google (a U.S. corporation) to produce discovery, rendering this Application the only mechanism through which Dr. Eshelman can obtain the necessary information. This factor thus weighs heavily in favor of granting Dr. Eshelman's Application.

#### B. The Second Intel Factor Is Satisfied: Courts in Germany and India Will Accept, Not Reject, Assistance from Discovery Under Section 1782.

The second *Intel* factor—the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance—weighs in favor of discovery when there is no "'authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of Section 1782.'" *Siemens AG v. W. Digital Corp.*, No. 13-cv-1407, 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013); *accord In re Apple Retail UK Limited*, No. 20-mc-80109, 2020 WL 3833392, at *3 (N.D. Cal. July 8, 2020). In evaluating this factor, courts must "err on the side of permitting discovery." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011)) (reversing denial of Section 1782 application because "there is nothing to suggest that the German court would be affronted by [plaintiff's] recourse to U.S. discovery or would refuse to admit any evidence").

Notably, courts in the Ninth Circuit have routinely allowed applicants to obtain third-party Section 1782 discovery related to contemplated litigation in Germany. *See, e.g., Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *5; *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *3 (N.D. Cal. Jan. 13, 2009) ("This court finds no basis to conclude that the German court would be unreceptive to the information requested by [Applicant]."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019).

The second *Intel* factor, too, weighs heavily in favor of granting Dr. Eshelman's Application because there is no "authoritative evidence" that the courts in Germany or India would reject such evidence.

### C. The Third Intel Factor Is Satisfied: Dr. Eshelman's Request Does Not Attempt to Circumvent Foreign Proof-Gathering Restrictions.

The third *Intel* factor weighs in favor of discovery because Dr. Eshelman's Application does not "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65; *Motorola Mobility*, 2012 WL 4936609 at *2; *Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *5. Indeed, absent a bad faith attempt to undermine such restrictions or policies, this factor weighs in favor of allowing discovery even if the documents sought would not be discoverable in the foreign jurisdiction. *Intel*, 542 U.S. at 260-63.

Here, Dr. Eshelman is not aware of any restrictions on proof-gathering procedures in Germany or India that would prohibit obtaining the discovery he seeks through his Application. To the contrary, as noted above, U.S. courts have routinely granted applications under Section 1782 to obtain discovery of evidence for use in these types of foreign proceedings. *See, e.g.*, *Motorola Mobility*, 2012 WL 4936609 at *2 ("There is nothing to suggest that [Applicant's] Section 1782 request is an attempt to circumvent German restrictions on discovery in civil proceedings."); *Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *5; *Cryolife, Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *3. Simply put, there is no indication that any policy of Germany, India, or the U.S. would weigh against the discovery sought by Dr. Eshelman. Accordingly, the third *Intel* factor weighs heavily in favor of granting Dr. Eshelman's Application.

**D.      The Fourth Intel Factor Is Satisfied: Dr. Eshelman's Request Is Not Unduly Burdensome.**

The fourth *Intel* factor is satisfied if an applicant's discovery request is not "unduly intrusive or burdensome," *Intel*, 542 U.S. at 265, as "determined by the Federal Rules of Civil Procedure," *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016) (citing *In re Letters Rogatory From Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016, 1019 (9th Cir. 1994)).  Under the applicable ordinary discovery rules, "discovery 'is permitted if reasonably calculated to lead to the discovery of admissible evidence.'" *HRC-Hainan Holding Co.*, 2020 WL 906719, at *3 (quoting *Franklin v. Madden*, 586 F. App'x 431, 432 (9th Cir. 2014)).

Critically, as relevant here, courts have repeatedly held that this factor weighs in favor of granting a Section 1782 application where the applicant seeks discovery from the operator of a website or server—including Google—to reveal the identity of a person who used that website or server to infringe the applicant's rights.  *See, e.g., In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *5 (granting application for discovery from Google as "the subpoena only seeks disclosure of names, telephone numbers, and addresses of the person(s) whose credit card and bank account is associated with each of the accounts and does not seek disclosure of credit card numbers or any other sensitive information"); *In re Hattori*, No. 21-MC-80236-TSH, 2021 WL 4804375, at *5 (N.D. Cal. Oct. 14, 2021) (compelling Google to produce identifying information "such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of personal identifying information such as access log for very limited periods of time," as such discovery "is stored by Google in the ordinary course of business" and is therefore "not unduly intrusive or burdensome").

Here, Dr. Eshelman's Application seeks narrow discovery from Google: (1) documents sufficient to show the identity of or identifying information about Doe, who owns the pseudonymous email address used to send the defamatory allegation about Dr. Eshelman; and (2) a one-hour deposition whereby its corporate representative can authenticate said records.  Based on Google's protocols, Dr. Eshelman expects Google to possess the phone number(s) and IP address(es) associated with the pseudonymous account.  This information will provide necessary identifiers that will allow Dr. Eshelman to locate Doe before proceeding with the Foreign Litigation.

Therefore, this information is not only relevant but absolutely necessary for Dr. Eshelman's future

8

cases in Germany and/or India. Further, Dr. Eshelman's Application does not broadly seek Google's communications but only documents sufficient to show the identity of Doe. Such requests are routinely approved as not unduly burdensome. *See, e.g.*, *In re Hattori*, No. 21-MC-80236-TSH, 2021 WL 4804375, at *5; *In re Apple Retail UK Limited*, 2020 WL 3833392, at *4.[2] Dr. Eshelman has also exhausted his ability to identify Doe. As mentioned above, Dr. Eshelman has attempted to discover Doe's true identity using Doe's email, pseudonym, and cellular phone number, but those searches were unfruitful. Dr. Eshelman will not be able to discover anything further without reviewing Google's information about Doe.

Moreover, Dr. Eshelman's Application is not unduly burdensome considering the pending litigation. Doe's statement towards Dr. Eshelman was defamatory *per se* as it accused Dr. Eshelman of a crime: "abusing police resources."[3] In order to bring a claim of defamation[4] and restore his reputation, it is essential that Dr. Eshelman know the true identity of the person that defamed him. The discovery that Dr. Eshelman is requesting is minimal in comparison to the relief that it might afford him.

## CONCLUSION

For the foregoing reasons, Dr. Eshelman respectfully requests that the Court grant his Application and issue an Order authorizing the issuance of the subpoenas attached to the Application as Exhibits A and B.

///

///

---

[2] Dr. Eshelman's counsel will, of course, meet and confer with Google's counsel to discuss ways to obtain this discovery as efficiently and with as little burden as possible.

[3] *See Barnes-Hind, Inc. v. Superior Ct.*, 181 Cal. App. 3d 377, 385, 226 Cal. Rptr. 354, 358 (Ct. App. 1986) ("Perhaps the clearest example of libel per se is an accusation of crime").

[4] In India, in order to make out a claim for civil defamation, one must prove three things: "that the words, pictures, gestures, etc. are defamatory; … that [the defamatory words] refer to [the plaintiff]; … [and] that [the defamatory words] were maliciously published." *See* https://www.indialawoffices.com/knowledge-centre/defamation. Suit may be filed wherever the defamatory statement was published. *Id*.; *see also* https://aggarwalsandassociates.com/defamation-law-in-india/. In Germany, one can bring a private criminal prosecution for defamation in accordance with Section 374 German Criminal Procedure Code. Under German law, defamation is defined as an instance when someone "despite knowing better, asserts or disseminates an untrue fact about another person which is suited to degrading that person or negatively affecting public opinion about that person or endangering said person's creditworthiness." § 187 German Criminal Procedure Code.

| | | |
|---|---|---|
| 1 | DATED: January 13, 2023 | Respectfully submitted, |
| 2 | | CONRAD | METLITZKY | KANE LLP |
| 3 | | */s/ William J. Cooper* |
| 4 | | Mark R. Conrad |
| | | William J. Cooper |
| 5 | | |
| 6 | | CLARE LOCKE LLP |
| | | Daniel P. Watkins |
| 7 | | |
| 8 | | *Attorneys for Fredric N. Eshelman* |