Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

Kim Y. Ng, Bar No. 335222
KNg@perkinscoie.com
Saroop Kaur Sandhu, Bar No. 341475
SSandhu@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile:  +1.650.838.4350

Attorneys for Non-Party
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of Fredric N. Eshelman,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 5:23-mc-80015-EJD<br><br>**NON-PARTY GOOGLE LLC'S RESPONSE TO ORDER TO CONSENT OR DECLINE MAGISTRATE JUDGE JURISDICTION**<br><br>District Judge Edward J. Davila |

Respondent and Non-Party Google LLC ("Google") hereby responds to this Court's Order to Consent or Decline Magistrate Judge Jurisdiction, Dkt. 4 ("Order").

Google understands that Applicant is seeking authorization to serve two subpoenas on Google, one seeking information regarding a particular Gmail account, and another seeking deposition testimony. Google does not oppose issuance of the subpoenas, but it reserves all rights and objections with respect to the subpoenas. *See, e.g., In re Nagatsuki Ass'n*, No. 20-MC-80030-SVK, 2020 WL 887890, at *2 (N.D. Cal. Feb. 24, 2020) ("orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued") (quotation omitted); *see also CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022) (recognizing that there may be subsequent motion to quash proceedings following the grant of a Section 1782 application).

Even where non-parties have been served with Section 1782 applications, courts routinely recognize that non-parties may raise challenges to subpoenas after their issuance. *See, e.g., In re Ex Parte Application of Kakedzuka Mfg. Co., Ltd.,* Case No, 22-mc-80133-NC, Dkt. 11 (N.D. Cal. July 29, 2022) (granting Section 1782 application with consent of the parties but allowing provider and account holder a period of time to move to quash the subpoena following service); *In re Ex Parte Application of Team Co., Ltd.*, Case No. 22-mc-80183-VKD, Dkt. 14 (N.D. Cal. Sept. 7, 2022) (same); *In re Ex Parte Application of Medical Corporation Seishinkai,* Case No. 22-mc-80136-NC, Dkt. 12 (N.D. Cal. Sept. 8, 2022) (same). Indeed, because a subpoena has not been issued, it would be premature for Google to challenge the subpoenas or give notice of the subpoenas to any affected account holders.

Thus, Google respectfully requests that any order granting the Application expressly provide Google with 30 days from the date of service of the subpoenas and order to file a motion to quash or modify the subpoenas. Should the subpoenas issue, Google intends to meet and confer regarding the requests and, if necessary, seek intervention from the Court. Specifically, Google intends to object, in part, on the following grounds:

- **Insufficient Showing that the Discovery is "for use" in a Foreign Tribunal**: Applicant has not shown that the discovery material sought is "for use in a foreign or international

tribunal." 28 U.S.C. § 1782(a). Applicant declares only that he "intend[s] to file defamation suits against the person behind the messages." Declaration of Fredric N. Eshelman in Support of Application at ¶ 10. This falls short of showing objective indications that the discovery sought is actually "for use" in a foreign proceeding. *See Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123–25 (2d Cir. 2015) ("the applicant *must have more than a subjective intent* to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated.") (emphasis added).

- **Insufficient First Amendment Safeguards**: Applicant has made no showing that the safeguards generally applicable to anonymous speech have been satisfied here. *See, e.g., Tokyo Univ. of Soc. Welfare v. Twitter, Inc.*, No. 21-MC-80102-DMR, 2021 WL 4124216, at *4 (N.D. Cal. Sept. 9, 2021) (applying *Highfields* unmasking test in a Section 1782 action); *cf. Zuru, Inc. v. Glassdoor, Inc.*, 2022 WL 2712549 (N.D. Cal. July 11, 2022) (declining to apply *Highfields* in a Section 1782 matter because the anonymous speakers did not appear to be U.S. citizens). Such analysis is applicable here, because the speaker appears to a United States citizen, as they state that they "have a message for Fred *from one American* to another." Declaration of Fredric N. Eshelman in Support of Application, Ex. 1 (emphasis added).

- **Application Attempts to Circumvent Policies of the United States**: The Application and the subpoenas "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). As noted above, the speaker explicitly identifies as an American in the statements presented by the Application, but Applicant is attempting to unmask the speaker without mentioning or addressing applicable First Amendment safeguards. *See In re Plan. & Dev. of Educ., Inc.*, 2022 WL 228307, at *4, n.3 ("an attempt to contravene the First Amendment's purpose without justification" weighs heavily against granting the application); *In re Tagami*, 2021 WL 5322711, at *3, n.1 (a court should decline to exercise "its discretion to aid in punishing speech that would be protected in this country.").

- **Improper Disclosure of Confidential or Privileged Information:** The proposed subpoenas improperly purport to require testimony and the disclosure of documents containing proprietary or confidential information, trade secrets, or information implicating third parties' privacy rights. For example, the deposition subpoena seeks an "explanation of all documents" that may be produced in response to the records subpoena. This expansive and undefined request potentially reaches confidential and proprietary information.

- **Lack of Relevance & Proportionality:** The proposed subpoena is vague, overbroad, and unduly burdensome, including because it is unclear how the requests are relevant and proportional to the needs of the case. For instance, Applicant states that he seeks "IP addresses that accessed the account and telephone numbers used to register or otherwise access the account" without any limitation on time. It is therefore unclear how this unlimited request is relevant and proportional to the needs of the case, especially given that the Applicant's allegations concern communications only on December 4, 2022.

- **Undue Burden:** The proposed subpoena seeks deposition testimony for "Authentication and explanation" of records produced, if any, by Google. Producing a witness and providing such testimony is unnecessary and unduly burdensome as records can be authenticated by Certificate of Authenticity. Moreover, the information could be obtained

from another less burdensome and less costly source, rather than a non-party like Google, which has limited knowledge about the underlying dispute and no involvement in the proposed litigation. *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215 (N.D. Cal. 2015); *Young v. U.S.*, 181 F.R.D. 344, 346 (W.D. Tex. 1997).

Accordingly, as set forth above, Google respectfully requests that any order to grant the Application should direct Google to provide notice of the subpoenas and order to the account holder, and expressly provide that both Google and the account holder shall each have 30 days from the date of service of the subpoenas to file a motion to quash or modify the subpoenas.

Dated:  February 16, 2023

**PERKINS COIE LLP**

By: *s/Julie E. Schwartz*
Julie E. Schwartz
Kim Y. Ng
Saroop Kaur Sandhu

Attorneys for Non-Party
Google LLC