UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF DR. FREDRIC ESHELMAN FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782,<br><br>Applicant. | Case No.  5:23-mc-80015-EJD<br><br>**ORDER GRANTING *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is Dr. Fredric N. Eshelman's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("*Ex Parte* Application" or "Application").  Specifically, Dr. Eshelman seeks documents from Google, LLC to identify the Gmail user who had published allegedly defamatory remarks about Dr. Eshelman.  For the reasons stated below, the Application is GRANTED.

I.   **BACKGROUND**

Dr. Eshelman is a United States-educated pharmacist who founded Pharmaceutical Product Development (a research organization providing drug discovery, development, and lifecycle management services) and Eshelman Ventures, LLC (an investment company primarily investing in health care companies).  Decl. Fredric N. Eshelman ("Eshelman Decl.") ¶¶ 2–4, ECF No. 1-4.

On December 4, 2022, Dr. Eshelman and various pharmaceutical and investment companies received an email from "terrynewsomee@gmail.com" that called Dr. Eshelman a "piece of shit" and accused him of "abus[ing] police resources by repeatedly sending game wardens and officers after hunters that were 'corner crossing' into public land."  Eshelman Decl., Ex. 1.  Dr. Eshelman has expressed an intention to file defamation suits in Germany and India

against the person behind these messages but is unable to do so without the sender's identity. Eshelman Decl. ¶ 10.

Dr. Eshelman requests permission to serve two subpoenas on Google, LLC. First, he seeks documents "sufficient to show identifying information associated with the Gmail account terrynewsomee@gmail.com, including the name(s) registered to the account, IP addresses that accessed the account and telephone numbers used to register or otherwise access the account." *Ex Parte* Application, Ex. B, Attachment A, ECF No. 1-3, at 5–7. Second, he requests a deposition to authenticate and explain all documents that would be produced pursuant to the document subpoena. *Ex Parte* Application, Ex. A, Attachment A, ECF No. 1-2, at 5.

The target of the § 1782 Application, Google LLC, has filed a response in this matter, indicating that it does not oppose issuance of the subpoenas. ECF No. 17. Google, however, requests that the Court include in its § 1782 order a requirement for Google to provide notice to the accountholder in question and to permit both Google and the accountholder 30 days after service to file a motion to quash or modify the subpoenas. *Id.*

## II.   LEGAL STANDARDS

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
2

desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

## III.   DISCUSSION

### A.   Statutory Factors

The Court finds that Dr. Eshelman has satisfied the three statutory criteria of § 1782(a).

First, the Application satisfies the residence requirement because Google is headquartered in and has its principal place of business in Mountain View, California. *See, e.g.*, *In re Todo*, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (Google met residence requirement under 28 U.S.C. § 1782(a) due to headquarters and principal location in Mountain View). Therefore, Google resides or can be found in this district for the purposes of § 1782.

Second, the Court finds that the discovery is sought for use in foreign proceedings. If a § 1782(a) request is made when there is no currently pending proceeding, such a proceeding must be "likely to occur" or is "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Dr. Eshelman has attested by sworn declaration that he intends to file defamation suits in Germany and India. Eshelman Decl. ¶ 10. Additionally, his counsel has similarly stated that Dr. Eshelman retained his firm to send a cease-and-desist letter to the anonymous Gmail email address and to submit the present Application in connection with contemplated lawsuits in Germany and India. Decl. Daniel P. Watkins ("Watkins Decl.") ¶¶ 3–6, ECF No. 1-5.

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
3

Finally, Dr. Eshelman is plainly an "interested person" in the contemplated foreign proceedings, as he would be the party bringing the defamation action. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782") (internal quotation marks and brackets omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to § 1782.

### B.   Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting Dr. Eshelman's *ex parte* application with limitations.

#### 1.   Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks and citation omitted). Here, Google would not be a party in the German or Indian proceedings, and therefore, those foreign tribunals would be unable to compel Google to produce discovery without the aid of § 1782. *Ex Parte* Application, at 6. "In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting Dr. Eshelman's request.

#### 2.   Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this

analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted). Here, the Court is unaware of any evidence that foreign courts in Germany would reject evidence obtained via § 1782, which is consistent with findings made by other courts in this district granting § 1782 applications for assistance in German courts. *See, e.g.*, *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (finding there to be "no basis to conclude that the German court would be unreceptive to the information requested by [the applicant]"). The Court notes that Dr. Eshelman has not adduced any affirmative evidence as to whether an Indian court would be receptive to U.S. judicial assistance, though the Court finds that it is sufficient that German courts would be receptive. Accordingly, given that there is no authoritative proof that a German court would reject evidence obtained under § 1782, the second *Intel* factor weighs in favor of granting the Application.

### 3.   **Circumvention of Proof-Gathering Restrictions**

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—is inconclusive at this stage and is neutral with respect to the Application. *Intel Corp.*, 542 U.S. at 265.

"Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Here, Dr. Eshelman and counsel have represented that they are not aware of any restrictions on proof-gathering procedures in Germany or India that would prohibit obtaining the discovery they seek through the Application. *Ex Parte* Application 7. The Court does not find that there is any reason to doubt Dr. Eshelman's or his counsel's representations. That said, the Court will remark that it is somewhat curious as to Dr. Eshelman's reasons for bringing a defamation suit in Germany or India as opposed to the United States, given that both of Dr.

Eshelman's companies appear to be headquartered in the United States and the anonymous speaker also appears to be American. *See* Eshelman Decl., Ex. 2 ("I have a message for Fred from one American to another."). However, on an *ex parte* application and without the assistance of adversarial briefing, the Court will not raise such arguments *sua sponte*.

Accordingly, although there are some peculiarities present, there is nothing to indicate that the third *Intel* factor should weigh against granting the Application.

### 4.   Unduly Intrusive or Burdensome

The fourth factor the Court must consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Dr. Eshelman's proposed document subpoena seeks "[d]ocument sufficient to show identifying information associated with the Gmail account" at issue, including the names and phone numbers registered to the account and IP addresses used to access the account. ECF No. 1-3, at 7. He also seeks to depose Google to authenticate and explain the documents produced in response to the document subpoena. ECF No. 1-2, at 5.

The Court finds that Dr. Eshelman has sufficiently shown that he endeavored to identify the anonymous sender through other means and tailored his subpoena request to avoid being unduly intrusive or burdensome. Dr. Eshelman has represented that he needs the sender's identity in order to bring suit in India and Germany. *Ex Parte* Application 9 n.4. To that end, Mr. Watkins has attempted to send a cease-and-desist letter to the anonymous email address and researched the phone number used to call Eshelman Ventures, without any luck in identifying the sender. Watkins Decl. ¶¶ 4–6. Furthermore, the document subpoena appears to be narrowly tailored to only seek documents "sufficient to show" the identifying information associated with the Gmail account in question, as opposed to a request seeking "all documents" relating to the account. *See, e.g.*, *In re Plan. & Dev. of Educ., Inc.*, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022) (modifying § 1782 subpoena from seeking "all" identifiers to only seek information "sufficient to

identify" the users).  Similarly, Dr. Eshelman represents that he is only seeking a one-hour deposition of Google's corporate representative to authenticate the records.  *Ex Parte* Application 8.  These limitations on the subpoena's scope suggest that the requested discovery is not "unduly intrusive or burdensome."  The fourth *Intel* factor, accordingly, favors granting the Application.

\* \* \*

In sum, the Court finds that three of the *Intel* discretionary factors favor granting the Application and one factor is neutral.  Accordingly, the Court will exercise its discretion in granting the Application with certain requirements and without prejudice to any subsequent motion to quash or modify the subpoena.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Dr. Eshelman's § 1782 Application satisfies the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor granting the Application.

Accordingly, the § 1782 Application is GRANTED.  Dr. Eshelman may serve the proposed subpoenas (ECF Nos 1-2, 1-3) on Google, with the following requirements:

1. Dr. Eshelman SHALL serve a copy of this Order on Google with the proposed subpoenas;
2. No later than 10 days after service of the subpoenas, Google SHALL NOTIFY all account users whose personal identifying information is affected by the subpoenas that their identifying information is being sought by Dr. Eshelman and PROVIDE a copy of this Order to each account user;
3. Google SHALL use all means of communications associated with the Gmail address to contact and notify the affected individuals of the subpoenas;
4. Google and each account user whose information is sought may file—no later than 30 days after service or notice—a motion to quash or modify the subpoenas before this Court;
5. Any account user seeking to quash or modify the subpoenas may appear and proceed before this Court under a pseudonym;

6. If any party disputes the subpoenas, Google SHALL PRESERVE BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that dispute;

7. This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

**IT IS SO ORDERED.**

Dated: May 9, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION

8