| | |
|---|---|
| 1 | Julie E. Schwartz, Bar No. 260624 |
| 2 | JSchwartz@perkinscoie.com<br>PERKINS COIE LLP |
| 3 | 1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099 |
| 4 | Telephone: +1.206.359.8000<br>Facsimile:  +1.206.359.9000 |
| 5 | |
| 6 | Kim Y. Ng, Bar No. 335222<br>KNg@perkinscoie.com |
| 7 | Saroop Kaur Sandhu, Bar No. 341475<br>SSandhu@perkinscoie.com |
| 8 | PERKINS COIE LLP<br>3150 Porter Drive |
| 9 | Palo Alto, California 94304-1212<br>Telephone: +1.650.838.4300 |
| 10 | Facsimile:  +1.650.838.4350 |
| 11 | Attorneys for Non-Party and Respondent<br>Google LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of Fredric N. Eshelman,<br><br>        Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 5:23-mc-80015-EJD<br><br>**NON-PARTY AND RESPONDENT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO QUASH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     August 24, 2023<br>Time:    9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge:   Edward J. Davila |

## NOTICE OF MOTION AND MOTION TO QUASH

**PLEASE TAKE NOTICE** that on August 24, 2023 at 9:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 4, Fifth Floor, of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Non-Party and Respondent Google LLC ("Google") will, and hereby does, move to quash the subpoena issued by Applicant Fredric N. Eshelman ("Applicant"), which seeks identifying information for one Gmail account ("Subpoena").

Google brings this motion under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), which requires the Court to quash a subpoena that requires disclosure of a protected matter. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Kim Y. Ng, all pleadings and papers on file in this action, and such other matters as the Court may consider.

Google respectfully requests that the Court grant its Motion and quash the Subpoena in its entirety for three reasons. First, under the third discretionary factor analyzed in *Intel Corp. v. Advanced Micro Devices*, Inc., 542 U.S. 241 (2004), the Subpoena appears to be an attempt to circumvent the policies of the United States. Second, the Subpoena is unduly intrusive or burdensome under the fourth discretionary *Intel* factor because Applicant has failed to present evidence of "real harm" that outweighs the speaker's First Amendment rights. Finally, under the statutory requirements of Section 1782, Applicant has failed to show that the discovery sought is "for use in a foreign proceeding."

Dated:  June 21, 2023                                    **PERKINS COIE LLP**

                                                         By:  */s/ Julie E. Schwartz*
                                                              Julie E. Schwartz
                                                              Kim Y. Ng
                                                              Saroop Kaur Sandhu

                                                         Attorneys for Non-Party and Respondent
                                                         GOOGLE LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD ............................................................................................................ 2

III. BACKGROUND .................................................................................................................... 3

IV. ARGUMENT ......................................................................................................................... 6

    A. The Court Should Grant Google's Motion to Quash Based on the Discretionary *Intel* Factors. ................................................................................... 6

        1. The Subpoena should be quashed as an attempt to circumvent the policies of the United States under the third discretionary *Intel* factor. ........................................................................................................... 6

        2. The Subpoena should be quashed as unduly burdensome and intrusive under the fourth discretionary *Intel* factor. ................................ 9

            a. Applicant has not demonstrated a *prima facie* cause of action under German or Indian law supported by evidence. ........ 11

            b. The balance of harms weighs in favor of the anonymous speaker. ........................................................................................ 12

    B. The Court Should Grant Google's Motion to Quash Based on the Third Statutory Requirement of Section 1782 As Well. ................................................ 13

V. CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AF Holdings, LLC v. Does 1-1058*,
    752 F.3d 990 (D.C. Cir. 2014) .................................................................................................13

*Bigelow v. Virginia*,
    421 U.S. 809 (1975) ................................................................................................................2, 6

*Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*,
    798 F.3d 113 (2d Cir. 2015) .................................................................................................13, 14

*Chapin v. Knight-Ridder, Inc.*,
    993 F.2d 1087 (4th Cir. 1993) ...................................................................................................8

*Herring Networks, Inc. v. Maddow*,
    445 F. Supp. 3d 1042 (S.D. Cal. 2020), *aff'd*, 8 F.4th 1148 (9th Cir. 2021) .............................8

*hey, Inc. v. Twitter, Inc.*,
    No. 22-mc-80034-DMR, 2023 WL 3874022 (N.D. Cal. June 6, 2023) ....................................7

*Highfields Capital Mgmt., L.P. v. Doe*,
    385 F. Supp. 2d 969 (N.D. Cal. 2005) ................................................................................ passim

*Igbonwa v. Facebook, Inc.*,
    No. 18-cv-02027-JCS, 2019 WL 109443 (N.D. Cal. Jan. 4, 2019), *aff'd,* 786 F.
    App'x 104 (9th Cir. 2019) .......................................................................................................13

*IJK Palm LLC v. Anholt Servs. USA, Inc.*,
    33 F.4th 669 (2d Cir. 2022) .....................................................................................................14

*In re Anahara*,
    No. 22-mc-80063-JCS, 2022 WL 783896 (N.D. Cal. Mar. 15, 2022) ......................................7

*In re Anonymous Online Speakers*,
    661 F.3d 1168 (9th Cir. 2011) ...............................................................................................6, 9

*In re Application of Ontario Principals' Council*,
    No. 2:13-mc-120-LKK-KJN, 2013 WL 6844545 (E.D. Cal. Dec. 23, 2013) ...........................7

*In re DMCA § 512(h) Subpoena to Twitter, Inc.*,
    608 F. Supp. 3d 868 (N.D. Cal. 2022) ....................................................................................12

*In re Ex Parte Application for Himeka Kaminaguchi*,
    No. 20-mc-80124-NC (N.D. Cal. Feb. 8, 2021) ..................................................................2, 10

*In re Ex Parte Application of Jommi*,
    No. C 13-80212 CRB (EDL), 2013 WL 6058201 (N.D. Cal. Nov. 15, 2013) ........................10

*In re Frontier Co.*,
  No. 19-mc-80184-LB, 2019 WL 3345348 (N.D. Cal. July 25, 2019) .....................................10

*In re Hoteles City Express*,
  No.18-mc-80112-JSC, 2018 WL 3417551 (N.D. Cal. July 13, 2018) .....................................10

*In re Komanokai*,
  No. 4:20-mc-80149-KAW, 2020 WL 6684565 (N.D. Cal. Nov. 12, 2020) .............................13

*In re PGS Home Co.*,
  No. 19-MC-80139-JCS, 2019 WL 6311407 (N.D. Cal. Nov. 25, 2019) ........................9, 10, 12

*In re Plan. & Dev. of Educ., Inc.*,
  No. 21-mc-80242-JCS, 2022 WL 228307 (N.D. Cal. Jan. 26, 2022) .....................................7, 8

*In re Shinnosuke Uchida*,
  No. 3:22-mc-80155-JSC, Dkt. 18 (N.D. Cal. Oct. 3, 2022) .......................................................13

*In re Tagami*,
  No. 21-mc-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) ......................2, 7, 8, 12

*In re Takada*,
  No. 22-mc-80221-VKD, 2023 WL 1442844 (N.D. Cal. Feb. 1, 2023) ......................................7

*In re Team Co.*,
  No. 22-mc-80183-VKD, 2023 WL 1442886 (N.D. Cal. Feb. 1, 2023) ......................................7

*In re Yasuda*,
  No. 19-mc-80156-TSH, 2020 WL 759404 (N.D. Cal. Feb. 14, 2020) ........................10, 11, 12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................................................ passim

*Khrapunov v. Prosyankin*,
  931 F.3d 922 (9th Cir. 2019) .....................................................................................................3

*Leutheusser-Schnarrenberger v. Kogan*,
  No. 18-mc-80171-JSC, 2018 WL 5095133 (N.D. Cal. Oct. 17, 2018) .....................................14

*Mangouras v. Squire Patton Boggs*,
  980 F.3d 88 (2d Cir. 2020) .......................................................................................................14

*McIntyre v. Ohio Elections Comm'n*,
  514 U.S. 334 (1995) ...................................................................................................................9

*Music Grp. Macao Com. Offshore Ltd. v. Does*,
  82 F. Supp. 3d 979 (N.D. Cal. 2015) ..........................................................................10, 11, 12

*New York Times Co. v. Sullivan*,
  376 U.S. 254 (1964) ...................................................................................................................6

*Partington v. Bugliosi*,
    56 F.3d 1147 (9th Cir. 1995) .................................................................................................. 2, 8

*Reno v. Am. Civil Liberties Union*,
    521 U.S. 844 (1997) ..................................................................................................................6

*Smythe v. Does*,
    No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) ............................................12

*Thunder Studios, Inc. v. Kazal*,
    13 F.4th 736 (9th Cir. 2021) ......................................................................................................6

*Zuru, Inc. v. Glassdoor, Inc.*,
    614 F. Supp. 3d 697 (N.D. Cal. 2022) .................................................................................. 7, 9

**STATUTES**

28 U.S.C. § 1782 ................................................................................................................... passim

28 U.S.C. § 1782(a) .................................................................................................................. 3, 13

**RULES**

Fed. R. Civ. P. 26(d) ................................................................................................................ 9, 10

Fed. R. Civ. P. 45(d)(3)(A)(iii) .......................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should quash the subpoena (the "Subpoena") to Google, LLC ("Google") issued by Fredric Eshelman ("Applicant") in this action under 28 U.S.C. § 1782.

Applicant seeks to unmask a Gmail account holder who engaged in anonymous speech (the "Anonymous Speaker"). In re *Ex Parte* Application of Fredric N. Eshelman for an Order Pursuant to 28 U.S.C. § 1782, Dkt. 1 ("Application"). According to Applicant, the Anonymous Speaker sent an email stating that Applicant "abused police resources by repeatedly sending game wardens and officers after hunters that were 'corner crossing' into public land." Declaration of Fredric N. Eshelman in Support of Dr. Eshelman's *Ex Parte* Application ("Eshelman Decl."), Ex. 1. The email includes a link to an article regarding the corner crossing issue, which describes the prosecutor's dismissal of indictments against the hunters and a jury's finding that the hunters were found not guilty. *See id.*; Declaration of Kim Y. Ng in Support of Google's Motion to Quash ("Ng Decl."), Ex. B. Applicant claims that he intends to bring a defamation lawsuit in India and Germany because the statements in the email were "published" in those countries to two companies, Carbon3D and 6 Degrees PR. Application at 1.

The Court analyzed the factors under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) and authorized Applicant to issue the Subpoena to Google. Order at 7. However, the Court also authorized both Google and the Anonymous Speaker to file a motion to modify or quash the Subpoena. *Id.* The Court noted the "somewhat curious" fact that Applicant is seeking to bring defamation suits in Germany and India as opposed to in the United States, despite the Speaker's identification as an American and given that Applicant's companies "appear to be headquartered in the United States." *Id.* at 5–6.

Consistent with the Court's observation that the claims could or should be brought in the U.S., the Application does not appear to have any real connection to Germany and India. Even the companies that received the email appear to be located in the U.S. Instead, Applicant appears to be attempting to avoid the First Amendment protections that would be afforded to United States citizens and residents in the courts of this country. Given the serious concerns raised by the

Application, Google moves to quash the Subpoena on multiple grounds:

***First,*** under the third discretionary *Intel* factor, the Application appears to be an attempt to circumvent the policies of the United States. *Intel*, 542 U.S. at 246–47. The U.S. has a policy of protecting speech and public debate under the First Amendment. *See, e.g.*, *Bigelow v. Virginia*, 421 U.S. 809, 829 (1975) ("The policy of the First Amendment favors dissemination of information and opinion"). There is evidence demonstrating that this matter involves a U.S. citizen or resident who sent an email to U.S. recipients, implicating the First Amendment. The Anonymous Speaker's statement is plainly an opinion based on disclosed facts. *Partington v. Bugliosi*, 56 F.3d 1147, 1156–57 (9th Cir. 1995). This statement would not be actionable in U.S. courts, evidencing an intent to evade the protections of the First Amendment. *In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711, at *3 n.1 (N.D. Cal. Nov. 16, 2021).

***Second,*** under the fourth discretionary *Intel* factor, the Subpoena is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 245–47. Applicant has failed to present evidence of "real harm" that outweighs the speaker's First Amendment rights. *See Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975–76 (N.D. Cal. 2005) ("*Highfields*"); *In re Ex Parte Application for Himeka Kaminaguchi*, Order, No. 20-mc-80124-NC, Dkt. 25 at 8 (N.D. Cal. Feb. 8, 2021) (applying *Highfields* in a Section 1782 action). Instead, Applicant relies only on a recitation of the elements and a conclusory statement that the statement caused "irreparable harm." This is insufficient to unmask the Anonymous Speaker.

***Third,*** under the third statutory requirement of Section 1782, Applicant has not demonstrated that the discovery sought is "for use in a foreign proceeding." *Intel*, 542 U.S. at 246. Applicant does not appear to have any basis to bring claims under Indian or German law, and he has not shown that his possible claims are actionable or that foreign proceedings are even viable. Instead, this appears to be a purely domestic dispute without a clear connection to foreign countries.

Accordingly, for these reasons, the Court should quash the Subpoena in its entirety.

**II.   LEGAL STANDARD**

Section 1782 permits, but does not require, a federal district court to assist interested

parties in gathering evidence for foreign litigation. 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 246–47. The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is "for use" in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

District courts exercising their discretion as to whether a subpoena should be issued (or should have been issued) may consider a number of factors including: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

Additionally, Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

### III.   BACKGROUND

Applicant is the founder of the investment company Eshelman Ventures, LLC. Application at 1. Applicant purports to contemplate bringing defamation suits in Germany and India against the accountholder of one Gmail account (the "Anonymous Speaker"). Applicant claims that the Anonymous Speaker sent two messages criticizing Applicant:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1 | Message 1:

> **From:** Terry Newsome <terrynewsomee@gmail.com>
> **Sent:** Sunday, December 4, 2022 6:33:29 PM
> **To:** info@incyclixbio.com <info@incyclixbio.com>; tplohoros@6degreespr.com <tplohoros@6degreespr.com>; Aravive IR Relations <ir@aravive.com>; admin@eyenoviabio.com <admin@eyenoviabio.com>; info@auventx.com <info@auventx.com>; info@dignifytherapeutics.com <info@dignifytherapeutics.com>; info@cellectivebiotherapy.com <info@cellectivebiotherapy.com>; hello@jumohealth.com <hello@jumohealth.com>; media@sapiencetherapeutics.com <media@sapiencetherapeutics.com>; corpdev@sapiencetherapeutics.com <corpdev@sapiencetherapeutics.com>; investors@sapiencetherapeutics.com <investors@sapiencetherapeutics.com>; pr@carbon3d.com <pr@carbon3d.com>
> **Subject:** Eshelman Ventures (Wilmington NC) and your relationship with them
>
> Hello, I am seeking to inform each of your companies that you should willingly cease partnerships and activities with Eshelman Ventures.
>
> Allow me to explain - Fred Esheman is a piece of shit. I realize this is crude language, but it's important to understand what we're dealing with.
>
> Exhibit A:
>
> He sent $2.5 million dollars to the "Stop The Steal" movement.
> https://wyofile.com/corner-crossing-landowner-gave-millions-to-conservatives-conservation/
>
> Exhibit B:
> He abused police resources by repeatedly sending game wardens and officers after hunters that were 'corner crossing' into public land.
>
> https://www.wyomingnews.com/news/local_news/prosecutor-seeks-to-drop-new-charges-in-corner-crossing-case/article_811f385b-bf4a-50db-84c8-ae4654d6f8bb.html
>
> Thank you for your time.

Message 2:

> **Nan Howard**
>
> **From:** Terry <terrynewsomee@gmail.com>
> **Sent:** Sunday, December 4, 2022 6:18 PM
> **To:** Nan Howard
> **Subject:** Eshelman Ventures, LLC - Contact Form
>
> **Contact Inquiry**
>
> Terry has sent a message via the contact form.
>
> Name: Terry
>
> Company:
>
> Email: terrynewsomee@gmail.com
> Telephone: (260) 358-7430
>
> Comments:
> I was reading a story about some hunters corner crossing on Eshelman's property and after I did some research on the guy that you work for; discovering that he supported the traitorous 'stop the steal' movement, etc - I guess I have a message for Fred from one American to another. You're a piece of shit and there is no place in heaven for people like you. Fuck you and your family.

*Id.* at 1–2; Eshelman Decl., Exs. 1–2.

According to the Application, the Anonymous Speaker defamed Applicant by stating in Message 1 that Applicant "abused police resources by repeatedly sending game wardens and officers after hunters that were 'corner crossing' into public land" to Applicant's contacts, including those purportedly based in Germany and India (tplohoros@6degreespr.com and pr@carbon3d.com). Application at 2; *see* Eshelman Decl., Ex. 1. As part of the allegedly defamatory email, the Anonymous Speaker linked to a news article regarding the corner crossing issue, which describes the prosecutor's dismissal of indictments against the hunters and a jury's finding that the aforementioned hunters were found not guilty. *See* Eshelman Decl., Ex. 1; Ng Decl., Ex. B. Applicant does not identify any portion of Message 2 that he claims is defamatory. Applicant is now seeking identifying information to potentially unmask the Anonymous Speaker.

In Message 2, however, the Anonymous Speaker self-identifies as an American: "I guess I have a message for Fred from one American to another." Eshelman Decl., Ex. 2. And, the companies identified by the Application as Indian and German recipients of the allegedly defamatory email, via the email addresses tplohoros@6degreespr.com and pr@carbon3d.com, also appear to be based in the United States. *See* Eshelman Decl., Ex. 1; Ng Decl., Ex. D (Tony Plohoros is the Principal of 6 Degrees PR and "lives in the western Philly suburbs with his family"); *id.*, Ex. E (Carbon3D is a "venture-backed company headquartered in Redwood City, CA.").

On May 9, 2023, the Court issued its Order Granting the Application, having analyzed the factors under *Intel*, and authorizing Applicant to issue the Subpoena to Google. Order at 7. This Court noted as part of its analysis of the third *Intel* factor that the Speaker "appears to be American," that both of Applicant's companies "appear to be headquartered in the United States," and that it was "somewhat curious" that Applicant is seeking to bring suit abroad rather than in the United States. *Id.* at 5–6.

On May 10, 2023, Google was served with the Subpoena[1] and Order. Ng Decl., Ex. A.

---

[1] Although the Application sought to serve one subpoena duces tecum and one subpoena for deposition testimony, Google was only served with the documents subpoena. Ng Decl., Exs. A,

The Order expressly provides that Google and the Anonymous Speaker may each file a motion to modify or quash the Subpoena. Order at 7. Google provided notice of the Subpoena and Order on May 22, 2023 and served objections to Applicant's subpoena on May 24, 2023. Ng Decl. at ¶ 2.

Because the Subpoena conflicts with the policies of the United States and does not satisfy the First Amendment safeguards applicable to anonymous speech, and because the Application fails to demonstrate that it will be "for use" in a foreign proceeding, Google now brings this Motion to Quash.

## IV. ARGUMENT

### A. The Court Should Grant Google's Motion to Quash Based on the Discretionary *Intel* Factors.

#### 1. The Subpoena should be quashed as an attempt to circumvent the policies of the United States under the third discretionary *Intel* factor.

The Court should quash Applicant's Subpoena because it cannot survive scrutiny under the third discretionary *Intel* factor, which asks courts to consider whether a discovery request "conceals an attempt to circumvent" the policies of the United States. *Intel*, 542 U.S. at 246–47.

There is no question that the U.S. has a policy of protecting speech and public debate. *See, e.g.*, *Bigelow*, 421 U.S. at 829 ("The policy of the First Amendment favors dissemination of information and opinion"); *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) (there is a "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open"). This policy extends to anonymous speech on the Internet: "[a]lthough the Internet is the latest platform for anonymous speech, online speech stands on the same footing as other speech . . . ." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997)); *accord Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 743, 745 (9th Cir. 2021); *Highfields*, 385 F. Supp. 2d at 980–88.

---

C. Counsel for Applicant informed Google that they reserved the right to serve the deposition subpoena at a later time. *Id.*, Ex. C. Google accordingly does not waive, and expressly reserves the right to object to and move to quash any subsequent subpoena it may be served.

For this reason, "an attempt to contravene the First Amendment's purpose without justification" weighs heavily against granting a discovery request in the context of Section 1782. *In re Plan. & Dev. of Educ., Inc.*, No. 21-mc-80242-JCS, 2022 WL 228307, at *4, n.3 (N.D. Cal. Jan. 26, 2022). Indeed, courts have cautioned against granting Section 1782 requests where such requests would "aid in punishing speech that would be protected in this country." *In re Tagami*, 2021 WL 5322711, at *3 n.1; *see also In re Application of Ontario Principals' Council*, No. 2:13-mc-120-LKK-KJN, 2013 WL 6844545, at *3–4 (E.D. Cal. Dec. 23, 2013) (suggesting that general First Amendment principles would preclude unmasking where the speech does not support defamation or libel claims); *In re Anahara*, No. 22-mc-80063-JCS, 2022 WL 783896, at *3, n. 1 (N.D. Cal. Mar. 15, 2022) (same).[2]

As pointed out by this Court, there are "peculiarities" here with Applicant's discovery request to unmask the Speaker. *See* Order at 6. In particular, this Court highlighted the "somewhat curious" fact that Applicant is seeking to bring defamation suits in Germany and India as opposed to in the United States, despite the Speaker's identification as an American and "given that both of [Applicant's] companies appear to be headquartered in the United States." *Id.* at 5–6.

In addition, Applicant claims that the allegedly defamatory statement was published in

---

[2] Recent cases have declined to consider First Amendment policy or to apply the *Highfields* standard in the context of Section 1782 applications. However, those cases are distinguishable, as the courts there found that there was insufficient evidence of a connection to the United States. *See, e.g., Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 706 (N.D. Cal. 2022) (declining to apply *Highfields* because "there's no reason to believe [the anonymous speakers] were U.S. citizens"); *hey, Inc. v. Twitter, Inc.,* No. 22-mc-80034-DMR, 2023 WL 3874022 (N.D. Cal. June 6, 2023) (same); *In re Takada*, No. 22-mc-80221-VKD, 2023 WL 1442844 (N.D. Cal. Feb. 1, 2023) (same); *In re Team Co.,* No. 22-mc-80183-VKD, 2023 WL 1442886 (N.D. Cal. Feb. 1, 2023) (same). In contrast to that line of cases, the Anonymous Speaker here self-identifies as an American, Applicant's companies are based in the U.S., and the email recipients of the allegedly defamatory email are associated with American companies. *See infra*, Section IV.A.1.

1 | Germany and India via two companies which received the email, Application at 3, but *both*
2 | appear to be located in the U.S. Specifically, the email was sent to the email addresses
3 | tplohoros@6degreespr.com and pr@carbon3d.com. *Id.*; Eshelman Decl., Ex. 1. It appears that
4 | "tplohoros" is a Principal of 6 Degrees PR and "lives in the western Philly suburbs with his
5 | family." *See* Ng Decl., Ex. D. And a press release that includes the pr@carbon3d.com email
6 | address states that Carbon3D is a "venture-backed company headquartered in Redwood City,
7 | CA." *Id.*, Ex. E.

By pursuing defamation suits in Germany and India, Applicant appears to be attempting to sidestep the First Amendment. While there is little authority applying this factor in the context of a foreign defamation lawsuit, at least two decisions from this District have considered whether the speech at issue would be protected by the First Amendment in the U.S. to determine whether this factor is satisfied. *In re Plan. & Dev. of Educ., Inc.*, 2022 WL 228307, at *4 n.3; *In re Tagami*, 2021 WL 5322711, at *4, n.1.

Here, the speech at issue would be protected as a non-actionable opinion based on disclosed facts. *Partington*, 56 F.3d at 1156–57 ("When an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts and leaving the reader free to draw his own conclusions, those statements are generally protected by the First Amendment.") (citing *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993) ("Because the bases for the … conclusion are fully disclosed, no reasonable reader would consider the [speech] anything but the opinion of the author drawn from the circumstances related.")); *Herring Networks, Inc. v. Maddow*, 445 F. Supp. 3d 1042, 1051 (S.D. Cal. 2020), *aff'd*, 8 F.4th 1148 (9th Cir. 2021) ("Where the language used is 'loose, figurative, or hyperbolic,' this tends to negate the impression that a statement contains an assertion of verifiable fact.") (citation omitted).

Indeed, Applicant identifies only one allegedly defamatory statement—that Applicant "abused police resources by repeatedly sending game wardens and officers after hunters that were 'corner crossing' into public land." *See* Eshelman Decl., ¶ 8; Ex. 1. However, this statement was accompanied by a news article, which describes a prosecutor's dismissal of indictments against

the hunters and a jury's finding that the aforementioned hunters were found not guilty. *See* Ng Decl., Ex. B. Thus, the Anonymous Speaker has disclosed the basis for his conclusion regarding Applicant's actions. Accordingly, the Court should decline to aid Applicant in his attempt to bring a lawsuit outside of this country to avoid the application of First Amendment principles.

### 2. The Subpoena should be quashed as unduly burdensome and intrusive under the fourth discretionary *Intel* factor.

The Court should also quash the Subpoena under the fourth *Intel* factor, as it cannot survive First Amendment scrutiny. Anonymous online speech is protected by the First Amendment to the United States Constitution. The Ninth Circuit recognized that, "[a]s with other forms of expression, the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism.'" *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341–42 (1995)).

Courts have applied this protection in the context of Section 1782 applications when a foreign civil litigant, such as Applicant, seeks to unmask an anonymous speaker. *See, e.g., In re PGS Home Co.,* No. 19-mc-80139-JCS, 2019 WL 6311407, at *1 (N.D. Cal. Nov. 25, 2019) (applying *Highfields* in the context of Section 1782); *cf. Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697 (N.D. Cal. 2022) (declining to apply *Highfields* where there was no indication that the anonymous speaker was a U.S. citizen). Specifically, where a Section 1782 implicates anonymous speech, courts must engage in a First Amendment analysis in order to determine whether the request is unduly intrusive or burdensome under the fourth discretionary factor under *Intel. See In re PGS Home Co.,* 2019 WL 6311407, at *1.

Because Section 1782 actions are evaluated in the context of the Federal Rules of Civil Procedure, foreign litigants must demonstrate good cause for early discovery under Federal Rule of Civil Procedure 26(d) using the following factors, which considers whether the applicant:

> (1) identifies the party with sufficient specificity that the court can determine that the party is a real person subject to suit; (2) identifies all previous steps taken to locate and identify the party; (3)

>demonstrates that the action can withstand a motion to dismiss; and (4) proves that the discovery is likely to lead to identifying information.

*In re Frontier Co.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *3 (N.D. Cal. July 25, 2019) (citing *In re Ex Parte Application of Jommi*, No. C 13-80212 CRB (EDL), 2013 WL 6058201, at *4 (N.D. Cal. Nov. 15, 2013)); *see also In re Himeka Kaminaguchi*, No. 5:20-mc-80124-NC, Dkt. No. 25 (N.D. Cal. Feb. 8, 2021) (citing *In re Hoteles City Express*, No.18-mc-80112-JSC, 2018 WL 3417551, at *3 (explaining that discovery under Section 1782 is guided by the applicable standards found in the Federal Rules of Civil Procedure and looking to the good cause standard of Rule 26(d) to determine whether discovery of an anonymous speaker's identity should be permitted)); *In re Yasuda*, No. 19-mc-80156-TSH, 2020 WL 759404, at *5-*6 (N.D. Cal. Feb. 14, 2020) (applying the "good cause" standard set forth in Federal Rule of Civil Procedure 26(d) for early discovery where an "[a]pplicant seeks discovery in the United States with the assistance of the U.S. judicial system").

However, demonstrating that a subpoena could survive a motion to dismiss is not enough in the context of anonymous speech. Instead, anonymous speech implicates the *Highfields* test, which requires a court to determine if there is an evidentiary basis for concluding that the requested discovery is appropriate. *Highfields*, 385 F. Supp. 2d at 975) (imposing a higher evidentiary standard under *Highfields* in a Section 1782 action because "[t]he standards that inform Rule 8 and Rule 12(b)(6) offer too little protection to the defendant's competing interests"); *see also In re PGS Home Co.,* 2019 WL 6311407, at *1 (analyzing the good cause standard and applying *Highfields*).

Under the first step of the *Highfields* test, a litigant must first demonstrate a *prima facie* cause of action supported by *competent* evidence. *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields*, 385 F. Supp. 2d at 975–76). Allegation and speculation are insufficient. *Id*. If "any *essential* fact or finding lacks the requisite evidentiary support," a court may not enforce the subpoena. *Highfields*, 385 F. Supp. 2d at 976 (emphasis in original).

Even if a plaintiff satisfies the first step of *Highfields*, a court must still weigh the harm that would be caused to the plaintiff and defendant's interests, should the court order disclosure of the defendant's identity. *In re Yasuda*, No. 19-mc-80156-TSH, 2020 WL 759404, at *6 (N.D. Cal. Feb. 14, 2020). Absent satisfaction of both steps of the *Highfields* test, the plaintiff cannot discover the anonymous speaker's identity. *See Music Grp. Macao*, 82 F. Supp. 3d at 985–87.

As explained below, Applicant does not satisfy the requisite First Amendment standards under both steps of the *Highfields* test.

     **a. Applicant has not demonstrated a *prima facie* cause of action under German or Indian law supported by evidence.**

Applicant has not satisfied the first step of the *Highfields* test because Applicant has not demonstrated a *prima facie* claim of defamation under either German or Indian law, much less shown that the claims are supported by evidence. *Music Grp. Macao*, 82 F. Supp. 3d at 983 (requiring a *prima facie* claim of defamation under Japanese law supported by competent evidence) (citing *Highfields*, 385 F. Supp. 2d at 975–76).

Instead, the Application merely recites, in a footnote, the elements of a defamation claim under the laws of Germany and India. *See* Application at 9 n. 4. No analysis is provided, and the Applicant has not provided the Court with an affidavit from an expert under German or Indian law. Moreover, Applicant has not provided evidence to support that his claims are actionable. The Application asserts that two of the recipients of the allegedly defamatory email message are based in Germany and India, but neither of the supporting declarations attest to whether those recipients are, in fact, based in Germany and India. *See generally* Eshelman Decl.; Declaration of Daniel P. Watkins in Support of Dr. Eshelman's *Ex Parte* Application. And as discussed above, it appears instead that the recipients are based in the United States. *See supra*, Section IV.A.1.

In sum, Applicant has failed to provide the requisite evidence that he has viable claims in Germany and India, despite making assertions in the Application of future litigation. *See* Application at 1; *see also Highfields*, 385 F. Supp. at 976 ("[t]he court may not enforce the subpoena if, under plaintiff's showing, any essential fact or finding lacks the requisite evidentiary support.") (emphasis in original).

### b. The balance of harms weighs in favor of the anonymous speaker.

Because Applicant has not demonstrated a *prima facie* claim of defamation against the Anonymous Speaker, there is no need for the Court to consider the second factor under the *Highfields* test. *See Smythe v. Does*, No. 15-mc-80292-LB, 2016 WL 54125, at *3 (N.D. Cal. Jan. 5, 2016). But even if Applicant is found to have made this showing, the Subpoena fails the second step. *See In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 881-83 (N.D. Cal. 2022) (even if a litigant can show a *prima facie* claim, a subpoena would still need to be quashed if the balancing of the harms weighs against disclosure). Under the second step, "the court must . . . 'assess and compare the magnitude of harms that would be caused' to the plaintiff's and defendant's competing interests if the court ordered disclosure of the speaker's identity." *In re Yasuda*, 2020 WL 759404, at *6 (citing *Music Grp. Macao*, 82 F. Supp. 3d at 983).

Applicant has failed to point to *any* facts or evidence showing the Applicant has been harmed by the Anonymous Speaker's statement, let alone "irreparably harmed," as asserted in the Application. *See* Application at 3. Moreover, Applicant has not shown that his claims are actionable under the law of *any* country – including the U.S., India, or Germany.

On the other hand, unmasking the Anonymous "would unduly chill speech, and deter other critics from exercising their First Amendment Rights." *Music Grp. Macao,* 82 F. Supp. 3d at 985–87 (denying motion to enforce subpoena for anonymous Twitter accountholder's identifying information); *see also, e.g.*, *In re Tagami*, 2021 WL 5322711, at *4 n.2 (expressing concern that Section 1782 requests to identify anonymous reviewers "will create a chilling effect on the speech of anonymous reviewers or embolden entities which seek only to harass or intimidate the speakers"). This is particularly true here given the likelihood that the Anonymous Speaker is a U.S. citizen or resident, and intended to communicate to others in the U.S. regarding U.S. issues. Thus, the balancing of harms weighs in favor of non-disclosure.

Because Applicant has failed to satisfy both steps of the *Highfields* test, Applicant is not entitled to discover the anonymous speaker's identity. *See Music Grp. Macao*, 82 F. Supp. 3d at 985–87; *In re PGS Home Co.*, 2019 WL 6311407 at *5 (applying *Highfields* to unmasking

subpoena). Therefore, the Subpoena is both "unduly burdensome" and "intrusive" under the fourth *Intel* factor and should be quashed in its entirety. *See AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) ("If a subpoena compels disclosure of information that is not properly discoverable, then the burden it imposes, however slight, is necessarily undue").

**B.      The Court Should Grant Google's Motion to Quash Based on the Third Statutory Requirement of Section 1782 As Well.**

The Subpoena should also be quashed because Applicant has not satisfied the third statutory requirement of Section 1782, which requires that the discovery sought is "for use in a foreign" proceeding. *Intel*, 542 U.S. at 246.

"The 'proceeding' for which discovery is sought under § 1782(a) must be within reasonable contemplation, but need not be 'pending' or 'imminent.'" *Id.* at 243. Reasonable contemplation means that "the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some *objective indicium* that the action is being contemplated." *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123–25 (2d Cir. 2015) (emphasis added). "At a minimum, a § 1782 applicant must present to the district court *some concrete basis* from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Id.* at 123–24 (emphasis added).

Applicant fails to meet this burden. As discussed above, Applicant has not shown a basis to bring claims under Indian or German law, that the possible claims are actionable, or that foreign proceedings are even viable. *See supra* Section IV.A.3; *Igbonwa v. Facebook, Inc.*, No. 18-cv-02027-JCS, 2019 WL 109443, at *2 (N.D. Cal. Jan. 4, 2019), *aff'd,* 786 F. App'x 104 (9th Cir. 2019) ("Because it is a basic statutory requirement under Section 1782 that a dispositive ruling must be within reasonable contemplation, Plaintiff's application must be denied."); *In re Komanokai*, No. 4:20-mc-80149-KAW, 2020 WL 6684565, at *3 (N.D. Cal. Nov. 12, 2020) (denying request for § 1782 discovery in a potential defamation claim where applicant failed to show applicant could state a viable claim for defamation under Japanese law.); *In re Shinnosuke Uchida*, No. 3:22-mc-80155-JSC, Dkt. 18 at 4–5 (N.D. Cal. Oct. 3, 2022) (same). Moreover, there is evidence that the Anonymous Speaker is a U.S. citizen or resident with First Amendment

1  rights, and First Amendment protections therefore apply.

2      Accordingly, Applicant has merely stated an intent to pursue foreign litigation, and has
3  not provided sufficient objective indicators necessary to satisfy the "for use" requirement for an
4  application under Section 1782. *See Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 100–02 (2d
5  Cir. 2020) (quoting *Certain Funds*, 798 F.3d at 124) (noting that Section 1782 applications have
6  been denied "where it was 'apparent that all that the [applicants] alleged before the district court
7  was that they had retained counsel and were discussing the *possibility* of initiating litigation'")
8  (emphasis in original); *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 681 (2d Cir.
9  2022) (finding applicant failed to meet its burden to establish that its proposed suit was in
10 reasonable contemplation because "[m]erely retaining counsel and sketching a vague outline of a
11 proposed suit does not meet that requirement."); *Leutheusser-Schnarrenberger v. Kogan*, No. 18-
12 mc-80171-JSC, 2018 WL 5095133, at *4 (N.D. Cal. Oct. 17, 2018) ("Section 1782 is not meant
13 to allow parties to obtain discovery to conduct an investigation that is untethered to a specifically
14 contemplated or actualized foreign proceeding.").

15     At bottom, the Application should be denied and the Subpoena quashed for failure to
16 satisfy the statutory requirement of showing that the discovery is "for use" in a foreign
17 proceeding.

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its Motion and quash the Subpoena in its entirety.

Dated: June 21, 2023

**PERKINS COIE LLP**

By: */s/ Julie E. Schwartz*
    Julie E. Schwartz
    Kim Y. Ng
    Saroop Kaur Sandhu

Attorneys for Non-Party and Respondent Google LLC