# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re Application of Eshelman per 28 USC § 1782 | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:23-mc-80015 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Google LLC
1600 Ampitheatre Parkway, Mountain View, CA 94043
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Mark R. Conrad of Conrad | Metlitzky | Kane LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111 | Date and Time:
06/13/2023 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/10/2023

*CLERK OF COURT*

OR

_____     /s/ Daniel P. Watkins
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr. Fredric N. Eshelman , who issues or requests this subpoena, are:

Daniel P. Watkins, Clare Locke LLP, 10 Prince Street, Alexandria, VA 22314; daniel@clarelocke.com; (202) 628-7407

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 5:23-mc-80015-EJD   Document 23-2   Filed 06/21/23   Page 3 of 15

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:23-mc-80015

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### Definitions and Instructions

1. "Google," "You," and "Your," mean Google LLC, and all its corporate locations, predecessors, predecessors-in-interests, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Google and others acting on behalf of Google.

2. "Dr. Eshelman" means Fredric N. Eshelman.

3. "Email" means the December 4, 2022 email in which John Doe sent a defamatory and false allegation about Dr. Eshelman to several of his colleagues and contacts via the pseudonymous email address terrynewsomee@gmail.com.

4. "Document" is an all-inclusive term with the broadest possible meaning accorded to it under case law and the Federal Rules of Civil Procedure, and means the original (or a true and accurate copy if the original is not available) and each non-identical copy (which is non-identical because of alterations, attachments, blanks, comments, notes, underlining, or otherwise) of any writing or record (whether in electronic, tangible, or any other form) in your actual or constructive possession, custody, or control, including all documents you have provided to your counsel. "Document" shall include, but is not limited to, an electronic or computerized data compilation (including email and other computer-readable files), whether or not printed, stored, or displayed, and any preliminary versions, drafts, or revisions thereof, ESI, communication, memorandum, letter, correspondence, electronic mail, text message, blog post, Internet post, report, note, message slip, telephone log or record, diary, journal, calendar, electronic organizer entry, writing, drawing, spreadsheet, presentation, ledger, minutes, financial report or record, draft, facsimile, contract,

invoice, record of purchase or sale, graph, chart, photograph, video or audio recording, transcript, index, directory, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced, stored, or reproduced. "Document" also includes the file, folder tabs, and labels appended to or containing any documents, ***as well as any metadata applicable to any document***.

      5.      If any information called for by this subpoena is withheld because You claim that such information is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or by any privilege or protection from disclosure, provide a description of the basis of the claimed privilege or protection and all information necessary for the Court and Dr. Eshelman to assess the claim of privilege or protection in accordance with applicable law, including: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

## Requests for Documents

### REQUEST NO. 1

Documents sufficient to show identifying information associated with the Gmail account terrynewsomee@gmail.com, including the name(s) registered to the account, IP addresses that accessed the account and telephone numbers used to register or otherwise access the account.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF DR. FREDRIC ESHELMAN FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782,<br><br>Applicant. | Case No. 5:23-mc-80015-EJD<br><br>**ORDER GRANTING *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is Dr. Fredric N. Eshelman's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("*Ex Parte* Application" or "Application"). Specifically, Dr. Eshelman seeks documents from Google, LLC to identify the Gmail user who had published allegedly defamatory remarks about Dr. Eshelman. For the reasons stated below, the Application is GRANTED.

I.  **BACKGROUND**

Dr. Eshelman is a United States-educated pharmacist who founded Pharmaceutical Product Development (a research organization providing drug discovery, development, and lifecycle management services) and Eshelman Ventures, LLC (an investment company primarily investing in health care companies). Decl. Fredric N. Eshelman ("Eshelman Decl.") ¶¶ 2–4, ECF No. 1-4.

On December 4, 2022, Dr. Eshelman and various pharmaceutical and investment companies received an email from "terrynewsomee@gmail.com" that called Dr. Eshelman a "piece of shit" and accused him of "abus[ing] police resources by repeatedly sending game wardens and officers after hunters that were 'corner crossing' into public land." Eshelman Decl., Ex. 1. Dr. Eshelman has expressed an intention to file defamation suits in Germany and India

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
1

1  against the person behind these messages but is unable to do so without the sender's identity.

2  Eshelman Decl. ¶ 10.

3        Dr. Eshelman requests permission to serve two subpoenas on Google, LLC. First, he seeks

4  documents "sufficient to show identifying information associated with the Gmail account

5  terrynewsomee@gmail.com, including the name(s) registered to the account, IP addresses that

6  accessed the account and telephone numbers used to register or otherwise access the account." *Ex*

7  *Parte* Application, Ex. B, Attachment A, ECF No. 1-3, at 5–7. Second, he requests a deposition to

8  authenticate and explain all documents that would be produced pursuant to the document

9  subpoena. *Ex Parte* Application, Ex. A, Attachment A, ECF No. 1-2, at 5.

10       The target of the § 1782 Application, Google LLC, has filed a response in this matter,

11 indicating that it does not oppose issuance of the subpoenas. ECF No. 17. Google, however,

12 requests that the Court include in its § 1782 order a requirement for Google to provide notice to

13 the accountholder in question and to permit both Google and the accountholder 30 days after

14 service to file a motion to quash or modify the subpoenas. *Id.*

## II. LEGAL STANDARDS

16       Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering

17 evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro*

18 *Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to

19 order a person residing or found within the district "to give his testimony or statement or to

20 produce a document or other thing for use in a proceeding in a foreign or international tribunal."

21 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person

22 residing in the district of the court to which the application is made; (2) the discovery is for use in

23 a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

24 an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

25 (9th Cir. 2019).

26       In addition to the mandatory statutory requirements, the district court retains discretion in

27 determining whether to grant an application under § 1782(a) and may impose conditions it deems

28 Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION

2

desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

### III. DISCUSSION

#### A. Statutory Factors

The Court finds that Dr. Eshelman has satisfied the three statutory criteria of § 1782(a).

First, the Application satisfies the residence requirement because Google is headquartered in and has its principal place of business in Mountain View, California. *See, e.g.*, *In re Todo*, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (Google met residence requirement under 28 U.S.C. § 1782(a) due to headquarters and principal location in Mountain View). Therefore, Google resides or can be found in this district for the purposes of § 1782.

Second, the Court finds that the discovery is sought for use in foreign proceedings. If a § 1782(a) request is made when there is no currently pending proceeding, such a proceeding must be "likely to occur" or is "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Dr. Eshelman has attested by sworn declaration that he intends to file defamation suits in Germany and India. Eshelman Decl. ¶ 10. Additionally, his counsel has similarly stated that Dr. Eshelman retained his firm to send a cease-and-desist letter to the anonymous Gmail email address and to submit the present Application in connection with contemplated lawsuits in Germany and India. Decl. Daniel P. Watkins ("Watkins Decl.") ¶¶ 3–6, ECF No. 1-5.

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
3

Finally, Dr. Eshelman is plainly an "interested person" in the contemplated foreign proceedings, as he would be the party bringing the defamation action. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782") (internal quotation marks and brackets omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to § 1782.

### B. Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting Dr. Eshelman's *ex parte* application with limitations.

#### 1. Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks and citation omitted). Here, Google would not be a party in the German or Indian proceedings, and therefore, those foreign tribunals would be unable to compel Google to produce discovery without the aid of § 1782. *Ex Parte* Application, at 6. "In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting Dr. Eshelman's request.

#### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
4

analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted). Here, the Court is unaware of any evidence that foreign courts in Germany would reject evidence obtained via § 1782, which is consistent with findings made by other courts in this district granting § 1782 applications for assistance in German courts. *See, e.g.*, *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (finding there to be "no basis to conclude that the German court would be unreceptive to the information requested by [the applicant]"). The Court notes that Dr. Eshelman has not adduced any affirmative evidence as to whether an Indian court would be receptive to U.S. judicial assistance, though the Court finds that it is sufficient that German courts would be receptive. Accordingly, given that there is no authoritative proof that a German court would reject evidence obtained under § 1782, the second *Intel* factor weighs in favor of granting the Application.

### 3. Circumvention of Proof-Gathering Restrictions

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—is inconclusive at this stage and is neutral with respect to the Application. *Intel Corp.*, 542 U.S. at 265.

"Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Here, Dr. Eshelman and counsel have represented that they are not aware of any restrictions on proof-gathering procedures in Germany or India that would prohibit obtaining the discovery they seek through the Application. *Ex Parte* Application 7. The Court does not find that there is any reason to doubt Dr. Eshelman's or his counsel's representations. That said, the Court will remark that it is somewhat curious as to Dr. Eshelman's reasons for bringing a defamation suit in Germany or India as opposed to the United States, given that both of Dr.

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
5

Eshelman's companies appear to be headquartered in the United States and the anonymous speaker also appears to be American. *See* Eshelman Decl., Ex. 2 ("I have a message for Fred from one American to another."). However, on an *ex parte* application and without the assistance of adversarial briefing, the Court will not raise such arguments *sua sponte*.

Accordingly, although there are some peculiarities present, there is nothing to indicate that the third *Intel* factor should weigh against granting the Application.

### 4. Unduly Intrusive or Burdensome

The fourth factor the Court must consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Dr. Eshelman's proposed document subpoena seeks "[d]ocument sufficient to show identifying information associated with the Gmail account" at issue, including the names and phone numbers registered to the account and IP addresses used to access the account. ECF No. 1-3, at 7. He also seeks to depose Google to authenticate and explain the documents produced in response to the document subpoena. ECF No. 1-2, at 5.

The Court finds that Dr. Eshelman has sufficiently shown that he endeavored to identify the anonymous sender through other means and tailored his subpoena request to avoid being unduly intrusive or burdensome. Dr. Eshelman has represented that he needs the sender's identity in order to bring suit in India and Germany. *Ex Parte* Application 9 n.4. To that end, Mr. Watkins has attempted to send a cease-and-desist letter to the anonymous email address and researched the phone number used to call Eshelman Ventures, without any luck in identifying the sender. Watkins Decl. ¶¶ 4–6. Furthermore, the document subpoena appears to be narrowly tailored to only seek documents "sufficient to show" the identifying information associated with the Gmail account in question, as opposed to a request seeking "all documents" relating to the account. *See, e.g., In re Plan. & Dev. of Educ., Inc.*, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022) (modifying § 1782 subpoena from seeking "all" identifiers to only seek information "sufficient to

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
6

identify" the users). Similarly, Dr. Eshelman represents that he is only seeking a one-hour deposition of Google's corporate representative to authenticate the records. *Ex Parte* Application 8. These limitations on the subpoena's scope suggest that the requested discovery is not "unduly intrusive or burdensome." The fourth *Intel* factor, accordingly, favors granting the Application.

* * *

In sum, the Court finds that three of the *Intel* discretionary factors favor granting the Application and one factor is neutral. Accordingly, the Court will exercise its discretion in granting the Application with certain requirements and without prejudice to any subsequent motion to quash or modify the subpoena.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Dr. Eshelman's § 1782 Application satisfies the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor granting the Application.

Accordingly, the § 1782 Application is GRANTED. Dr. Eshelman may serve the proposed subpoenas (ECF Nos 1-2, 1-3) on Google, with the following requirements:

1. Dr. Eshelman SHALL serve a copy of this Order on Google with the proposed subpoenas;
2. No later than 10 days after service of the subpoenas, Google SHALL NOTIFY all account users whose personal identifying information is affected by the subpoenas that their identifying information is being sought by Dr. Eshelman and PROVIDE a copy of this Order to each account user;
3. Google SHALL use all means of communications associated with the Gmail address to contact and notify the affected individuals of the subpoenas;
4. Google and each account user whose information is sought may file—no later than 30 days after service or notice—a motion to quash or modify the subpoenas before this Court;
5. Any account user seeking to quash or modify the subpoenas may appear and proceed before this Court under a pseudonym;

Case No.: 5:23-mc-80015-EJD
ORDER GRANTING § 1782 EX PARTE APPLICATION
7

6. If any party disputes the subpoenas, Google SHALL PRESERVE BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that dispute;

7. This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

**IT IS SO ORDERED.**

Dated: May 9, 2023

EDWARD J. DAVILA
United States District Judge